86 F.3d 1156
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricardo SCOTT, Defendant-Appellant.
 No. 95-3662.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1996.
 
 Before: KEITH, KENNEDY and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Ricardo Scott appeals his convictions on seven counts of bank fraud, violations of 18 U.S.C. §§ 1344 and 2, arguing that he was entitled to a judgment of acquittal because the government failed to prove the materiality of misrepresentations made to victim banks during a scheme to fraudulently obtain loans. For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 An eight count indictment charged defendant with defrauding financial institutions and obtaining bank loans by means of false representations.
 
 
 3
 Testimony at trial revealed that defendant was involved in a scheme to defraud whereby his girlfriend, Mary Januska, would fraudulently obtain bank loans for defendant's trucking business, R & M Enterprises. Januska testified that, at the direction of defendant, she would complete loan applications containing false information relating to the length of her employment at R & M Enterprises and the income she derived from that employment. She supported the false income figures with fabricated tax returns created with defendant at a local copy shop. The loan applications and tax returns overrepresented Januska's actual income by a factor of ten. The government also submitted supporting documentary evidence to the jury and presented testimony establishing that the banks were "financial institutions" within the meaning of the statute.
 
 
 4
 Defendant was convicted on seven of the eight counts and sentenced to thirty months imprisonment followed by three years of supervised release. Defendant was also ordered to pay over $64,000 in restitution to the victim financial institutions. His sole argument on appeal is that the government failed to prove his guilt beyond a reasonable doubt because it failed to prove the materiality of any of the misrepresentations made on the loan applications to the victim banks. As a result, defendant urges, the District Court erred in denying his motion for a judgment of acquittal made pursuant to FED.R.CRIM.P. 29.
 
 II.
 
 5
 "In reviewing challenges to the sufficiency of the evidence supporting a criminal conviction, we examine 'whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Stone, 954 F.2d 1187, 1192 (6th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 6
 Defendant's argument that the government failed to prove the materiality of the misrepresentations made on the loan applications is not well taken. First, the government was not required to prove materiality. The indictment charged him with violations of § 1344(1) and (2) in the conjunctive. And, while subsection (2) contains a materiality requirement, subsection (1) does not. See United States v. Smith, 46 F.3d 1223, 1236 (1st Cir.) (citing cases), cert. denied, 116 S.Ct. 176 (1995).
 
 
 7
 Here, there is sufficient evidence to support convictions under § 1344(1), to wit., that defendant "knowingly execute[d], or attempt[ed] to execute, a scheme or artifice ... to defraud a financial institution." Thus, defendant's convictions stand regardless of the materiality of the misrepresentations, for the misrepresentations, even assuming that they were not material, still constituted a scheme to defraud. See Stone, 954 F.2d at 1192 (discussing "the well-established rule of this circuit that an indictment may charge several acts in the conjunctive yet support a conviction of only one of the acts charged").
 
 
 8
 Alternatively, the evidence presented by the government was more than sufficient to support the jury's finding of materiality required under § 1344(2). Materiality need not always be established with the testimony of financial experts, as defendant suggests.
 
 
 9
 Here, the government introduced documents and testimony establishing that the loan applications and tax returns represented annual income of between $171,368.20 and $214,646.68, when in fact Januska testified that her true income, when she was working, was approximately $20,000. Further, Januska admitted to falsely stating on the loan applications that she had been employed at R & M Enterprises for five years. Finally, the jury was instructed on materiality as follows:
 
 
 10
 A material fact is a fact that would be of importance to a reasonable person in making a decision about a particular matter or transaction.
 
 
 11
 Under the circumstances of this case, a jury could easily have decided that the annual incomes of $182,000 and $214,000 that a loan applicant lists on a loan application is a factual representation that is of importance to a reasonable financial institution in making a decision about whether or not to make a particular loan. Representations of long-term employment are of similar importance. While minor differences in income may require expert testimony to be found material, the very large incomes here could not help but be of importance to a reasonable person in making the loans in question when the sales of the security--used trucks--brought only a fraction of the indebtedness. Accordingly, there was sufficient evidence to support defendant's convictions under § 1344.
 
 III.
 
 12
 For the foregoing reasons, the decision of the District Court is hereby AFFIRMED.